Filed 8/18/20 Estate of Melcher CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| Estate of TERRENCE P. MELCHER, Deceased. | B293964 |
| | (Los Angeles County Super. Ct. No. BP090132) |
| TERESE KRISTE MELCHER, as Executor, etc., Petitioner and Respondent, v. JACQUELINE C. MELCHER, Claimant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Robert S. Wada, Judge.  Affirmed.

Jacqueline C. Melcher, in pro. per., for Claimant and Appellant.

Loeb & Loeb, Jeffrey M. Loeb, Lance N. Jurich, for Petitioner and Respondent.

––––––––––––––––––

Claimant and appellant Jacqueline Melcher appeals from a probate court order finding that she lacked standing to appear in the estate proceedings of her former husband Terrence P. Melcher.[1]  On appeal, Jacqueline contends that she has standing, because she has an interest in certain property included in Terrence's estate.  The appellate record is inadequate for review, however, because it does not include the motion to determine standing or the supporting evidence filed in the probate court.  In addition, the appellant's briefs fail to demonstrate error through coherent argument, including citation to the record and supporting authority.  Therefore, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

For the purposes of background, we take judicial notice of an unpublished opinion issued by the Court of Appeal,

––––––––––––––––––

[1] Because more than one party shares the last name Melcher, they will be referred to by their first names for ease of reference.  No disrespect is intended.

2

Sixth Appellate District, in the dissolution proceedings between Jacqueline and Terrence (*In re Marriage of Melcher* (Jan. 13, 2006, H022141, H023475, H022603, H022935) [nonpub. opn.]). (Evid. Code, §§ 452, subd. (d) [judicial notice may be taken of court records], 459; *Fink v. Shemtov* (2010) 180 Cal.App.4th 1160, 1171, 1173 [court may take judicial notice of prior unpublished opinions in related appeals on its own motion].)

Prior to marriage, Jacqueline owned unimproved real property on Martha's Vineyard referred to as Stonewall. She married Terrence in 1983, and the couple had one child. Jacqueline signed a quitclaim deed in 1989, changing the title of Stonewall from separate property to joint ownership, in order to obtain construction financing to build a residence on the property.

Terrence filed a petition for dissolution of the marriage in 1997. The proceedings were bifurcated, and the family law court granted a judgment of dissolution as to status in 1998. Ownership of Stonewall was one of the issues at trial in 2000. Jacqueline argued that it remained her separate property, but the family law court found Stonewall was community property, subject to Jacqueline's separate property interest valued at $800,000. The family law court ordered Stonewall listed and sold. A corrected post-trial judgment was entered on February 15, 2001.

Jacqueline and her minor son each filed an action against Terrence in Massachusetts, including filing lis pendens. The family law court in the dissolution proceeding

3

ordered agents to execute the documents necessary to list and sell Stonewall on Jacqueline's behalf.  In February 2001, the clerk of the court signed a contract accepting an offer of $12 million to purchase Stonewall.  In April 2001, the court appointed an agent to sign escrow documents.  In June 2001, based on title insurance problems resulting from the son's lis pendens, the family law court ordered $8 million of the net sale proceeds be deposited with the title company.

Jacqueline filed a series of four appeals, which were stayed when she filed for chapter 11 bankruptcy in July 2001, on the day before escrow closed on Stonewall.  In March 2003, the bankruptcy stay was lifted as to all four appeals.  The appellate court consolidated the appeals for briefing, argument, and decision.  Terrence died in November 2004, and the personal representative of his estate, Terese Kriste Melcher, was substituted as the respondent in the consolidated appeals.  The Sixth Appellate District concluded substantial evidence supported the family law court's finding that Jacqueline voluntarily transmuted the character of Stonewall Beach from separate to community property with a full understanding of what she was doing.  The appellate court also found orders for the sale of Stonewall and directing deposit of the sale proceeds were proper.  The appellate court affirmed the family law court's orders in the dissolution proceeding.

On our own motion, we also take judicial notice of an unpublished decision of the United States Bankruptcy Appellate Panel of the Ninth Circuit, which was the third

appeal to be issued during the course of Jacqueline's bankruptcy matter, affirming a pre-filing order of the bankruptcy court. (*In re Jacqueline C. Melcher* (Dec. 7, 2015, BAP No. NC-14-1573-TaDJu).) The bankruptcy case was converted to chapter 7 in September 2008. Jacqueline opposed most of the substantive actions of the bankruptcy trustee to liquidate estate property. Ultimately, the bankruptcy court issued a prefiling order, which was affirmed on appeal in 2015.

Jacqueline filed a request for special notice in the probate of Terrence's estate in March 2005. The case summary for the probate proceedings reflects that Jacqueline filed a creditor's claim for $9,273,570 in November 2005, which was rejected in December 2005. The claim is not included in the record on appeal. The case summary also shows a motion was filed on June 22, 2018, for an order determining that Jacqueline lacked standing to appear in the probate matter and confirming withdrawal of the request for special notice. The motion and the supporting declaration are not included in the record on appeal. Jacqueline filed a declaration in opposition to the motion that does not address her standing to appear or receive notice in the probate matter.[2] On September 12, 2018, the probate court entered an order determining that Jacqueline lacked standing to appear in the probate matter

---

[2] The declaration makes some references to standing as it relates to the bankruptcy proceeding and in litigation before the Ninth Circuit Court of Appeals.

5

and striking the request for special notice.[3]  Jacqueline filed an appeal from the probate court's order.

## DISCUSSION

Appellant has forfeited her contentions on appeal by failing to provide coherent argument, supported by citation to the record and legal authority, and an adequate record for review.  Respondent represents in her brief that the bankruptcy trustee entered into a compromise resolving all of Jacqueline's claims against the estate, which the bankruptcy court authorized in October 2011, and as a result, only Jacqueline's request for special notice had remained outstanding to resolve in the probate proceedings.

We apply the deferential abuse of discretion standard to a probate court order determining whether a party is an interested person pursuant to Probate Code section 48. (*Estate of Prindle* (2009) 173 Cal.App.4th 119, 126.)  It is Jacqueline's duty, as appellant, to affirmatively demonstrate error by citation to the record and any supporting authority.  "[R]eview is limited to issues which have been adequately raised and briefed."  (*Lewis v. County of Sacramento* (2001)

---

[3] The order of the probate court states, "[f]or the reasons set forth in the Motion, Jacqueline Melcher lacks standing to appear", and the transcript of the hearing likewise reflects the probate court's comment that "based on the motion" Ms. Melcher does not have standing.  As noted, the record on appeal does not include the referenced motion.

6

93 Cal.App.4th 107, 116.) "Appealed judgments and orders are presumed correct, and error must be affirmatively shown." (*Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502.)

Jacqueline had the burden to provide an adequate and accurate appellate record to demonstrate error. The record on appeal is inadequate for review, because it fails to provide a copy of the claim Jacqueline filed in the probate matter, the motion to determine standing, or any of the evidence supporting the motion. Without a proper record of the proceedings below, especially the motion and supporting evidence that expressly form the basis for the probate court's ruling, we cannot conduct an adequate review. (Cal. Rules of Court, rules 8.120–8.122; see *Advanced Choices, Inc. v. State Dept. of Health Services* (2010) 182 Cal.App.4th 1661, 1670 [appellate court must ignore issues requiring review of documents not provided by appellant].)

In addition, Jacqueline has not made any coherent argument supported by legal authority or specific citations to the record on appeal. "'In order to demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record.' [Citation.]" (*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 153.) No legal or factual basis has been presented that the trial court abused its discretion in concluding Jacqueline has no standing to appear in the estate proceedings. Although we may exercise our discretion to consider arguments for which we can

discern a legal or factual basis in the briefs, no such basis is apparent. "'We are not obliged to make other arguments for [appellant] [citation], nor are we obliged to speculate about which issues counsel intend to raise.' [Citations.] We may and do 'disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions he wants us to adopt.' [Citation.]" (*Ibid.*)

No abuse of discretion has been shown and the order must be affirmed.

## DISPOSITION

The order is affirmed. Respondent Terese Kriste Melcher, as executor of the Estate of Terrence P. Melcher, is awarded costs on appeal.

MOOR, J.

We concur:

RUBIN, P. J.                    BAKER, J.